FILED

**NOT FOR PUBLICATION**

MAY 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50552 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00241-AJB-1 |
| v. | |
| JOSE MARIANO CHAVEZ, aka Pelucas, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted May 5, 2015[**]
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

Jose Mariano Chavez appeals his conviction for conspiracy to distribute heroin

and marijuana in violation of 21 U.S.C. §§ 841 and 846, arguing that the district court

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

improperly admitted lay opinion testimony from FBI Special Agent Mathew Zeman. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"A pretrial motion in limine preserves for appeal the issue of admissibility of that evidence if the substance of the objection has been thoroughly explored during the hearing and the district court's ruling permitting introduction of evidence was explicit and definitive." *United States v. Lui*, 941 F.2d 844, 846 (9th Cir. 1991). Because the pretrial colloquy concerning the Government's Motion in Limine to "Admit Lay Opinion Testimony" amounts to a definitive objection to its admissibility by Chavez that was subject to a thorough examination and ruled upon in an explicit manner, we review Chavez's claim under the abuse of discretion standard. *See id.*

So long as the requirements of Federal Rule of Evidence 701 are met, a law enforcement officer may provide lay opinion testimony—gleaned from his investigation—about his understanding of the meaning of a declarant's vague or ambiguous statements collected from intercepted audio recordings, even if the officer interprets conversations in which he did not participate. *United States v. Freeman*, 498 F.3d 893, 902, 904–05 (9th Cir. 2007). Such testimony is permissible if it is based on the officer's "direct perception of . . . intercepted conversations . . . and other facts he learned during the investigation." *Id.* at 904–05; *see also United States v. Gadson*, 763 F.3d 1189, 1209 (9th Cir. 2014) ("[A]n investigator who has

2

accumulated months or even years of experience with the events, places, and individuals involved in an investigation necessarily draws on that knowledge when testifying; indeed, it is those out-of-court experiences that make the witness's testimony helpful to the jury.").

At trial, Special Agent Zeman met the criteria for offering lay opinion testimony about the meaning of terms and phrases employed in recorded phone calls by Chavez and his co-defendants. First, Zeman's testimony was rationally based on his perception of over 5,000 calls that he listened to during many months of his drug trafficking investigation of Chavez and other related defendants. Based on that fact, as well as Zeman's significant involvement in the investigation and participation in controlled drug purchases, the Government laid sufficient foundation to establish that Zeman had become familiar with the coded terms used by Chavez.

Second, Zeman's interpretation of coded words was helpful to the jury. Even Chavez concedes that "had [Zeman's] testimony not been allowed in, then a jury would not have known the type of drugs talked about . . . ." Finally, Zeman's testimony was not "based on scientific, technical, or otherwise specialized knowledge within the scope of Rule 702." *See* Fed. R. Evid. 701(c). Rather, his testimony was based primarily on the Special Agent's perception gained from listening to thousands of recorded calls.

We conclude that the district court did not abuse its discretion in permitting Zeman to offer lay opinion testimony about the meaning of ambiguous terms in recorded calls.

**AFFIRMED.**